BELAVAL ET AL. *v.* THE FAJARDO SUGAR GROWERS' ASSOCIATION.

APPEAL from the District Court of San Juan.

No. 641.—Decided March 15, 1911.

ALLEGATIONS—DEMURRER—CAUSE OF ACTION—CONTRACT OF LEASE.—In the complaint herein it was substantially alleged that the plaintiffs are the owners of a certain estate which the defendant corporation is using and enjoying without a contract or the consent of the party plaintiff, and that the latter had requested the party defendant to discontinue, from a certain date, the detainer of said estate, admonishing them that if said defendant should continue, from the date aforesaid, to enjoy the estate in question, they would be held under obligation to pay for the use thereof an annual rent of $10,000 in advance; and as the defendant has refused to comply with said request, the plaintiffs pray that the defendant corporation be adjudged to pay said sum. *Held:*

    (*a*) That the facts set forth do not determine the existence of an express contract whereby the defendant corporation had undertaken to pay the plaintiffs the sum demanded as an annual rent payable in advance for the use and enjoyment of the estate in question;

    (*b*) Nor do these facts involve the existence of a tacit agreement, since the requisition and notice served upon the defendant and the continuation of the latter in the use and enjoyment of the estate are not acts leading to the inference that the defendant had accepted the condition imposed by plaintiffs to pay in advance the annual rent fixed;

(*c*) That such a requisition can have no legal effect other than to acquaint the person requested with the purpose and desire of the person making the requisition, but in no case can it be construed to mean that the former has assented to such desire and purpose;

(*d*) That although the plaintiffs, as owners of the estate in question, can fix for the use and enjoyment thereof such price, however exorbitant, as they may see fit, as long as the latter has not been expressly or tacitly accepted by the person of whom it is required, the payment thereof cannot be demanded;

(*e*) That since from the complaint the existence of an express or tacit agreement does not appear, there is no cause of action to enforce the payment of the annual rent fixed by the plaintiffs, although the latter may, according to the facts alleged, require the defendant to vacate the estate and to pay them a reasonable sum for the use and enjoyment thereof;

(*f*) That in the present case there is no contract of lease which could give rise to the action exercised, for such contract exists when one of the parties binds himself to give to the other the enjoyment or use of a thing for a specified time and for a fixed price, and from the complaint it does not appear that the parties have agreed as to time and price for the use and enjoyment of aforesaid estate, whence the essential elements of such contract are lacking.

The facts are stated in the opinion.

*Messrs. Eduardo Acuña, Manuel F. Rossy,* and *Horacio S. Belaval* for appellants.

*Mr. Luis Muñoz Morales* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In the District Court of the Judicial District of San Juan, Section 1, José S. Belaval and Prisco Vizcarrondo filed, on July 14 of last year, against The Fajardo Sugar Growers' Association, an action for the recovery of a debt, couched in the following terms:

"The above-mentioned plaintiffs, through their attorneys, Eduardo Acuña Aybar and H. S. Belaval, file an action for the recovery of a debt against The Fajardo Sugar Growers' Association, residing in the town of Fajardo, where it has its office, and allege:

"1. That the plaintiffs, José S. Belaval and Prisco Vizcarrondo, are married, the former to Concepción Veve y Díaz and the latter to Josefina Veve y Díaz, they being residents, respectively, of this city and of the town of Fajardo, and both of legal age.

"2. That The Fajardo Sugar Growers' Association is a joint-

stock company, constituted under the laws of the State of New York and having as active manager thereof one D. W. C. Noyes.

"3. That Concepción and Josefina Veve y Díaz, wives respectively of the plaintiffs, Belaval and Vizcarrondo, are owners of the following estate:

"A plantation named 'Aurora,' consisting of 854 *cuerdas* of land, whereof 142 form a separate parcel called 'Higuerito,' situated in *barrios* Quebrada Seca and Guayacán, municipality of Fajardo, formerly of Ceiba; bounded on the north by estate 'Concepción' and the road leading to Fajardo; on the south by estate 'Oriente' and lands of Plácido Pérez, José Donato, Carmen Ortiz and others; on the east by estate 'Concepción' and lands of Trinidad Quiñones; and on the west by estate 'Oriente' and lands of William L. Noble and Pablo Sandoz.

"4. The Fajardo Sugar Growers' Association is using and enjoying the above-described estate, although the owners thereof, Concepción and Josefina Veve y Díaz, have not entered into, nor consented to, any contract with said company authorizing such use and enjoyment on its part.

"5. The aforesaid owners of estate 'Aurora,' in a registered letter of June 26 last, have requested the defendant company to cease detaining said property, from the 31st ult., on which day the crop of the preceding year is considered to have ended, and notified said defendant company that if it should continue from the 1st inst. to enjoy the estate in question, it would be held under obligation to pay as rent for the use of the same during the agricultural year beginning on that date the sum of $10,000 to both owners, said payment to be made in advance.

"6. The Fajardo Sugar Growers' Association has refused to comply with this request, and has continued, and still continues, to use and enjoy the estate 'Aurora,' without having paid the rent fixed and demanded by the owners, namely, $10,000, in advance for the current year, *i. e.* from July 1, 1910, to June 30, 1911.

"Wherefore, we pray the court that, after due legal procedure, it be pleased to admit this complaint and at the proper time to render judgment for the plaintiffs and against the defendant company, adjudging the latter to pay the aforesaid sum of $10,000, together with the costs of this trial, including counsel fees. (Signed) Eduardo Acuña, H. S. Belaval, Attorneys for the Plaintiffs."

The defendant company demurred to the complaint, invoking subdivision 6 of section 105 of the Code of Civil Pro-

cedure, namely, that the complaint does not state facts sufficient to constitute a cause of action, and prayed that said demurrer be sustained and the complaint dismissed accordingly, with costs against the plaintiffs.

The court, after hearing the allegations, both written and oral, of the parties, rendered judgment on November 1 of last year, holding that the law is in favor of the demurrer to the complaint, and dismissing the latter, the approved expenses and costs of the proceedings. to be charged to the plaintiffs. From this judgment, which was entered the day after its delivery, counsel for the plaintiffs took an appeal to this Supreme Court, and the same is now awaiting our decision, both parties having presented such written and oral arguments as were deemed by them most favorable to their respective contentions.

We have inserted the complaint in full, and its simple perusal reveals, *prima facie,* that the facts stated therein, which must be accepted as basis of discussion for the consideration and decision of the legal problem raised, do not offer sufficient ground for a judgment whereby the defendant corporation shall be condemned to pay the plaintiffs the sum of $10,000 demanded in the complaint.

From the complaint, as indited, it does not appear that the party defendant has contracted the obligation to pay the sum demanded, wherefore compliance therewith cannot be enforced.

No express agreement is alleged whereby the defendant company has engaged to pay the owners of estate "Aurora" the sum of $10,000 in advance, as annual rent for the use and enjoyment of said estate, from July 1, 1910, to June 30, 1911. Nor does it appear that there was a tacit agreement, since the requisition served upon the defendant company to abstain from detaining the estate, from June 30, 1910, and the admonition that it would otherwise be held under obligation to pay, as rent, during the agricultural year beginning on that date, the sum of $10,000 in advance, and the

continuation of the defendant company in the use and enjoyment of the estate are not acts from which it must necessarily be inferred that the party defendant had accepted the condition imposed by the plaintiffs to pay in advance the annual rent fixed.

Such a requisition can have no legal effect other than is appurtenant thereto, namely, that of acquainting the person requested with the purpose and desire of the one making the requisition, but in no case can it show that the former has assented to such desire and purpose. As in the complaint it has not been alleged that there was consent, either express or tacit, on the part of the defendant company to pay the sum demanded for the use and enjoyment of estate "Aurora" during the agricultural year mentioned in the complaint, the element essential to all obligations is wanting, wherefore such obligation does not exist nor can compliance therewith be enforced.

The party appellant alleges that their cause of action originates in the right of ownership, as defined under section 354 of the Civil Code, for, if by virtue of said section, Mrs. Belaval and Mrs. Vizcarrondo, as owners of estate "Aurora," can exclude any person from the use and enjoyment thereof, and hold a right of action against any holder or possessor thereof in order to recover the same, they must also have a right of action, on the strength of such ownership, to fix the price for the use and enjoyment of the estate, and to compel, through the courts of justice, the payment of such price, or any other that, in the opinion of the judge, may be reasonable, by the person enjoying the property.

We admit that the plaintiffs, as owners of estate "Aurora," may fix for the use and enjoyment thereof such price as they may think fit; but so long as it has not been accepted, either expressly or tacitly, by the person of whom it is demanded, payment thereof cannot be enforced. Such is the case here. The plaintiffs, owners of estate "Aurora," fixed $10,000, payable in advance, as the price for the use and enjoy-

ment of estate "Aurora" by the defendant corporation; but inasmuch as from the complaint it does not appear that said corporation, either expressly or tacitly, had accepted the proposition of said owners, there is no ground on which to enforce payment of a price that has not been agreed upon.

The owners of estate "Aurora" may, perhaps, on the strength of the facts alleged in the complaint, require the defendant corporation to vacate the estate and to pay them a reasonable sum for the use and enjoyment thereof while held by the corporation; but they cannot, on the strength of the same facts, demand of said corporation, as a price payable in advance for such use and enjoyment, a specified sum that neither expressly nor tacitly had been agreed upon and accepted.

In the case at bar there has been no contract of lease which could give rise to the action exercised, as was maintained at the trial by counsel for the appellant, for such contract exists when one of the parties binds himself to give to the other the enjoyment or use of a thing for a specified time and for a fixed price, according to section 1446 of the Civil Code, the lessee being obliged, under paragraph 1 of section 1458, to pay the price of the lease in the manner agreed upon; and from the complaint it does not appear that both parties have agreed as to time and price for the use and enjoyment of estate "Aurora," whence the essential elements of such contract are lacking.

We have already stated, and now repeat, that the requisition and notice served upon the defendant corporation does not imply, on the part of the latter, an acceptance of the conditions required by the plaintiffs for the use and enjoyment of the thing.

For the foregoing reasons we are of the opinion that the judgment appealed from should be affirmed, without prejudice to such other rights of action as the plaintiffs may have.

Justices Wolf and del Toro concurred.

Justices MacLeary and Aldrey took no part in the decision of this case.